**IN THE COURT OF APPEALS OF IOWA**

No. 15-1537
Filed March 9, 2016

**IN THE INTEREST OF A.S.-G.,**
**Minor Child,**

**D.C., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

An incarcerated father appeals the termination of his parental rights. **AFFIRMED.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Charles S. Fuson of the Youth Law Center, Des Moines, for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

An incarcerated father appeals the termination of his parental rights to his child, born in 2014. He argues the State failed to prove the grounds for termination cited by the district court. On our de novo review, we disagree.

The State filed a child-in-need-of-assistance petition alleging the mother of the child had unresolved substance abuse issues and three other children already had been removed from her custody. The State did not recommend removal of this child from the mother's care but asserted the child would need services and the mother's care of the child would need to be monitored. The petition further alleged the father had a criminal history and "ha[d] not been involved during the pregnancy of this child."

The district court adjudicated the child in need of assistance and placed him in the mother's legal custody under the protective supervision of the Iowa Department of Human Services. The court ordered visitation with the father in the discretion of the department.

Meanwhile, the father, who was incarcerated throughout the child's life, pled guilty to second-degree robbery and was given a ten-year prison sentence with a seven-year mandatory minimum term. He testified the soonest he could be released on parole would be 2021. When asked about the child at the termination hearing, the father could not recall his middle name or date of birth. He admitted he "would not be able to have custody [of the child] at this time or take care of him."

The district court terminated the father's parental rights pursuant to Iowa Code sections 232.116(1)(b) (abandonment or desertion), (e) (absence of

significant and meaningful contact), (h) (child cannot be returned to parent's custody), and (j) (imprisonment) (2015). We may affirm if we find clear and convincing evidence to support any of the grounds cited by the district court. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

Section 232.116(1)(h) was satisfied. This provision requires proof of several elements. The father only challenges the element requiring removal from the child's parents. He asserts the court "never entered a removal order." To the contrary, the court explicitly ruled, "Placement outside the Father's parental home is necessary because continued placement in or a return to the home would be contrary to the child's welfare due to his unresolved substance abuse and domestic violence issues." Although the statement appeared in an adjudication order rather than a "removal order," it had the same effect. *See In re P.S.*, No. 15-1476, 2015 WL 7075850, at *2 (Iowa Ct. App. Nov. 12, 2015) (noting adjudication order removed child from parents' custody); *see also In re J.P.*, No. 15-1084, 2015 WL 5309113, at *3 (Iowa Ct. App. Sept. 10, 2015) ("[I]t is clear to us that under section 232.116(1)(h) one parent may have parental rights terminated while a child remains in the care of the other parent."). We conclude the district court appropriately terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(h).

We affirm the termination of the father's parental rights to this child.

**AFFIRMED.**